IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COLLEEN MARIE HAYWOOD          :

           v.          :          C.A. No. 05-789 (KAJ)

ING DIRECT          :

## DEFENDANT'S BRIEF IN SUPPORT OF ITS
## <u>MOTION TO DISMISS FOR FAILURE TO SERVE COMPLAINT</u>

KLETT ROONEY LIEBER & SCHORLING

James J. Sullivan, Jr. (Id. No. 2266)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, Delaware 19801
(302) 552-4200

Attorney for Defendant
ING Direct

March 27, 2006

# TABLE OF CONTENTS

I.  **NATURE AND STAGE OF THE PROCEEDINGS** ..................................................... 1

II.  **ARGUMENT** ............................................................................................................ 2

   A.  Plaintiff's Complaint Should Be Dismissed Because Plaintiff Failed to Serve the Complaint ................................................................................................................. 2

III.  **CONCLUSION** ........................................................................................................ 4

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Barrett v. City of Allentown*
152 F.R.D. 46 ..........................................................................................................3

*Boley v. Kaymark*
123 F.3d 756 ...........................................................................................................2

*Fernandez v. I.R.S.*
1994 WL 591556 (D.N.J. July 20, 1994)...............................................................3

*MCI Telecommunication Corp. v. Teleconcepts, Inc.*
71 F.3d 1086 ...........................................................................................................2

*Momah v. Albert Einstein Medical Center*
158 F.R.D. 66 ..........................................................................................................3

*Petrucelli v. Bohringer and Ratzinger*
46 F.3d 1298 ...........................................................................................................3

*Steele v. HCI Direct*
2004 WL 1699611, (E.D. PA. July 29, 2004).......................................................3

*United States v. Nuttall*
122 F.R.D. 163 ........................................................................................................2

*Veal v. U.S.*
84 Fed. Appx. 253....................................................................................................3

## OTHER

Federal Rules of Civil Procedure 4 ......................................................................1

Defendant, ING Direct ("ING"), by and through its undersigned counsel, hereby moves this Court to dismiss Plaintiff's claims against it in the above-captioned matter pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(2) and (5).

## I.    NATURE AND STAGE OF THE PROCEEDINGS

This action involves claims brought by plaintiff, Colleen Marie Haywood ("Haywood"), against ING for gender discrimination and retaliation.

Haywood filed a charge of discrimination on June 4, 2003 with the Delaware Department of Labor ("DDOL") in which she complained that she was unlawfully discriminated against based on her sex when a male associate allegedly received a promotion instead of her. She also claimed she was subjected to a hostile work environment and terminated in retaliation for her complaining about an alleged employee grading disparity. The charge was cross-filed with the Equal Employment Opportunity Commission ("EEOC").

On August 16, 2005, the EEOC mailed a "Notice of Right to Sue (Issued on Request)" form which informed Haywood that she had to file her lawsuit within ninety (90) days from her receipt of the notice. On November 15, 2005, Haywood filed a form Complaint alleging gender discrimination and retaliation and requesting the Court "assignment of legal counsel to assist Plaintiff."

The docket for this case reflects that no Summons was issued. Plaintiff has failed to serve timely the Summons or Complaint upon defendant within the one hundred twenty (120) days of filing the Complaint.

II.    **ARGUMENT**

    A.  Plaintiff's Complaint Should Be Dismissed Because Plaintiff Failed to Serve the Complaint

Plaintiff's case should be dismissed because she failed to comply with the basic service obligations of Rule 4.  Pursuant to Rule 4(m), plaintiff was required to serve defendant with the Summons and Complaint within one hundred twenty (120) days of filing, *i.e.*, by March 15, 2006.  Plaintiff has made no attempt to complete service in this case and has never moved for an enlargement of time to serve.  Thus, her actions fall far short of the level necessary to demonstrate "good cause" for her failure to comply with the service requirements that would compel this Court to permit this case to continue.

Courts generally consider three factors in determining whether good cause exists: 1) whether the plaintiff made a reasonable attempt to effect service; 2) whether the defendant is prejudiced by the absence of timely service; and 3) whether plaintiff moved for an extension of time for effecting service.  *United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del 1988) (citations omitted).  When evaluating good cause, the Third Circuit has ruled that courts should focus primarily on the plaintiff's reasons for not complying with the time limits of Rule 4, as the absence of prejudice alone can never constitute good cause to excuse late service on a defendant. *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1997).  Thus, this Court must evaluate the actions of the plaintiff to determine "what, if any, circumstances constitute sufficient 'good cause' to excuse plaintiff's apparent lack of diligence."  *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (*quoting MCI*, 71 F.3d at 1097).

In the instant matter, it has not been alleged that plaintiff made even one attempt to serve defendant at its well-established and public place of business.  In addition to this complete lack of effort to serve defendant, it is apparent that plaintiff also failed to seek an extension of time to

effect service from this Court. Courts within the Third Circuit have found that even when plaintiffs act as pro se litigants, their unfamiliarity with the service requirements will not excuse violations of the deadline and should not be considered in the good cause analysis. *Steele v. HCI Direct*, 2004 WL 1699611, at \*2 (E.D. Pa. July 29, 2004) *(citing, Veal v. U.S.*, 84 Fed. Appx. 253, 256 (3rd Cir. 2004) (while court acknowledges that plaintiff is pro se and untrained in law, this alone does not excuse violations of the deadlines) (A copy of *Steele v. HCI Direct* is attached hereto as Exhibit "A"); *see also Barrett v. City of Allentown*, 152 F.R.D. 46 (E.D. Pa 1993) (plaintiff's pro se status did not constitute good cause for failure to serve defendant within 120 days). Similarly, the fact that the statute of limitations may have run on plaintiff's claims, should likewise not affect the outcome of this Court's good cause analysis. *See Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1306 (3d Cir. 1995) ("a district court may in its discretion still dismiss the case, even after considering that…the refiling of an action is barred").

Under these circumstances, there is no "good cause" for plaintiff's failure to make timely service and failure to comply with the federal rule regarding service of process. *See Veal*, 84 Fed. Appx. at 256 (affirming dismissal of pro se complaint where service not attempted until after expiration of 120 day limit); *Fernandez v. I.R.S.*, Civ. A. No. 93-5378 (NHP), 1994 WL 591556 (D.N.J. July 20, 1994) (same) (A copy of *Fernandez v. I.R.S.* is attached hereto as Exhibit "B"); *Momah v. Albert Einstein Med. Center*, 158 F.R.D. 66, at 69, 70 (E.D. Pa. 1994) (there was no good cause for extension where defendant was a hospital which conducted its operations in broad daylight and where plaintiff had been employed, thus court dismissed complaint served one day after expiration of 120 day limit).

## III.   <u>CONCLUSION</u>

For all of the foregoing reasons, defendant, ING Direct, respectfully requests that its

Motion to Dismiss be granted, and plaintiff's claim against it be dismissed in its entirety.

Respectfully submitted,

KLETT ROONEY LIEBER & SCHORLING

James J. Sullivan, Jr. (Id. No. 2266)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, Delaware 19801
(302) 552-4200

Attorney for Defendant,
ING Direct

March ___, 2006