# EXHIBIT A

Case 1:05-cv-00789-KAJ    Document 3-2    Filed 03/29/2006    Page 1 of 4

Westlaw.

Not Reported in F.Supp.2d    Page 1

Not Reported in F.Supp.2d, 2004 WL 1699611 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,E.D. Pennsylvania.
Martha STEELE
v.
HCI DIRECT
**No. Civ.A. 02-4347.**

July 29, 2004.

Martha Steele, Philadelphia, PA, pro se.
Karin M. Gunter, Law Offices of Karin M. Gunter, Philadelphia, PA, for Plaintiff.
Joseph J. Centeno, Obermayer Redmann Maxwell & Hippel LLP, Philadelphia, PA, for Defendant.

*MEMORANDUM AND ORDER*
KAUFFMAN, J.
*1 Now before the Court is Defendant's Motion to Dismiss ("Motion"). For the reasons that follow, the Motion will be denied.

*I. Background*

In this action, Plaintiff Martha Steele seeks damages from her former employer, Defendant HCI Direct, for alleged violations of the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.;* and the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* On June 28, 2002, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis,* which was granted on July 19, 2002. On August 15, 2002, Plaintiff moved this Court to stay proceedings. Her subsequent motion for the appointment of counsel was granted on September 23, 2002. Counsel was appointed on January 6, 2003, and on or about January 29, 2003, an attorney-client relationship formally began. The Amended Complaint was filed on March 19, 2003. On the same day, a complaint summons was issued to the United States Marshals. However, this summons was returned unexecuted on April 29, 2003. In response, Plaintiff filed for an alias summons for Jacqueline Shulman, which was returned executed on July 24, 2003. However, Jacqueline Shulman was not authorized to accept service for Defendant. It is stipulated that service was finally made on August 20, 2003. *See* Stipulation and Order of August 28, 2003 (docket no. 18).

Defendant filed a motion to dismiss on September 9, 2003, alleging that the delay in service was prejudicial and requesting dismissal of the action under Fed.R.Civ.P. 4(m). Plaintiff contends that there was good cause for the delay and, alternatively, that the Court should exercise its discretion to extend the service deadline.

*II. Legal Standard*

Rule 4(m) states in relevant part:
Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). The determination whether to extend time involves a two-step inquiry. *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3d Cir.1995). The Court first determines whether good cause exists for Plaintiff's failure to effect timely service. *Boley v. Kaymark,* 123 F.3d 756, 758 (3d Cir.1997). If good cause exists, the extension must be granted. *Id.; see also* Fed.R.Civ.P. 4(m). Courts have considered three factors in determining the existence of good cause: (1) the reasonableness of plaintiff's efforts to serve;

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 2

Not Reported in F.Supp.2d, 2004 WL 1699611 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

(2) whether the defendant is prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time to serve. *See MCI Telecomm. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir.1995), *cert. denied,* 519 U.S. 815, 117 S.Ct. 64, 136 L.Ed.2d 25 (1996).

*2 Even if good cause does not exist, however, the district court must consider whether to grant a discretionary extension of time. *MCI Telecomm. Corp.,* 71 F.3d at 1098. One factor a court may consider in exercising its discretion is whether the statute of limitations has run in the interim. *Marshall v. Park Plaza Condominium Association,* 1999 WL 58656 (E.D.Pa.1999), *citing Petrucelli,* 46 F.3d at 1305-06. If the statute of limitations has run, this may weigh in favor of granting an extension. *See Boley,* 123 F.3d at 759. The fact that it has run is not itself sufficient to deny an extension. *Id.*

### III. *Analysis*

From the date of the Complaint to the date on which service was made, approximately 397 days passed. From the date of the Amended Complaint to the date on which service was made, approximately 154 days passed. During some of this time, Plaintiff avers that she relied on the United States Marshal's efforts to serve Defendant. However, "reliance upon a third party or on a process server is an insufficient basis to constitute good cause for failure to timely serve, and is also an insufficient basis for granting an extension of time to effect service." *Petrucelli,* 46 F.3d at 1307; *see also Samuel v. Clark,* 1996 WL 448229, *6 (E.D.Pa.1996). Plaintiff has failed to show good cause for failing to serve her original complaint within the 120 days permitted. While the Court acknowledges that she was acting *pro se* and is untrained in the law, this alone does not excuse violations of the deadline. *See generally Veal v. U.S.,* 84 Fed.Appx. 253, 256 (3d Cir.2004).

Nor can Plaintiff demonstrate that her counsel had good cause for the failure to serve the Amended Complaint during the 120 days following its filing. "[H]alf-hearted efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run." *Petrucelli,* 46 F.3d at 1307 (internal quotations omitted). In short, counsel for Plaintiff should "[t]reat the 120 days with the respect reserved for a time bomb." *Id., citing Braxton v. United States,* 817 F.2d 238, 241 (3d Cir.1987). Counsel has provided no evidence that she followed up with the Marshals and during at least part of this time, she may have given them the wrong address for Defendant. *See* Plaintiff's Response in Opposition to Defendant's Motion to Dismiss ("Response") at 4. Accordingly, her efforts cannot be considered "reasonable" under the first prong of the good faith test. *See MCI Telecomm. Corp.,* 71 F.3d at 1097. [FN1]

> FN1. Plaintiff never filed for an extension of time in which to serve either the Complaint or the Amended Complaint.

However, Defendant has failed to establish any prejudice from the delay. Although it avers that the passage of time prejudices it "because the case has become stale, with the erosion of witnesses' memories and potentially relevant evidence," Motion at 4-5, Defendant has produced no specific evidence of memories eroded or evidence lost. Furthermore, in this case the danger of "erosion" is minimized because Plaintiff was required to file an administrative action with the Equal Opportunity Employment Commission ("EEOC") before bringing suit. Much of the evidence required in this case would have been developed (and preserved) in the EEOC action. Finally, even if not properly served, Defendant was aware of the pending action; its Executive Vice-President listed Plaintiff's claim in the company's bankruptcy filings on February 21, 2003, six months before service was made. *See* Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Exhibit B at 6-9.

*3 The absence of prejudice persuades the Court to exercise its discretion to grant an extension of time. *See Boley,* 123 F.3d at 759. Also weighing in Plaintiff's favor is the fact that the statute of limitations has run on Plaintiff's claim. [FN2] *Id.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d     Page 3
Not Reported in F.Supp.2d, 2004 WL 1699611 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

Furthermore, Plaintiff filed this case *pro se,* and predictably appears to have been without an understanding of the rules of service. Once appointed, counsel diligently filed an Amended Complaint and attempted service, first on Defendant and then on an individual she thought could accept it on Defendant's behalf. While her efforts were insufficient to constitute good cause for the failure to serve within the 120 days, Defendant was not prejudiced by the delay, and the Court will exercise its discretionary power to extend the date by which service was required to August 20, 2003, the date on which the parties have stipulated that it was made.

> FN2. *See Petrucelli,* 46 F.3d at 1306, *citing* Fed.R.Civ.P. 4(m) advisory committee's note (1993) ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action"); *see also Boley,* 123 F.3d at 759 ("We are aware of no decisions refusing to grant an extension to serve under Rule 4(m) solely on the ground that denying the defendant the benefit of the running of the statute of limitations amounts to cognizable prejudice").

### IV. *Conclusion*

For the foregoing reasons, Defendant's Motion to Dismiss will be denied. [FN3]

> FN3. Plaintiff has also moved for leave to file a Sur-Reply with respect to Defendant's Motion to Dismiss. Because the Court will deny the Motion to Dismiss, this latter Motion will be denied as moot.

E.D.Pa.,2004.
Steele v. HCI Direct
Not Reported in F.Supp.2d, 2004 WL 1699611 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:02cv04347 (Docket) (Jun. 28, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.