# EXHIBIT B

Case 1:05-cv-00789-KAJ     Document 3-3     Filed 03/29/2006     Page 1 of 3

Westlaw.

Not Reported in F.Supp.                                                                                                 Page 1
Not Reported in F.Supp., 1994 WL 591556 (D.N.J.), 74 A.F.T.R.2d 94-5641
**(Cite as: Not Reported in F.Supp.)**

C
Briefs and Other Related Documents

United States District Court, D. New Jersey.
Deborah R. FERNANDEZ, et al.
v.
U.S.A., INTERNAL REVENUE SERVICE, et al.
**Civ. A. No. 93-5378 (NHP).**

July 20, 1994.

Edward J. Fernandez, Deborah R. Fernandez, Jaime S. Fernandez, Dana M. Fernandez, Renee A. Fernandez, pro se.
Susan C. Cassell, Asst. U.S. Atty., Faith Hochberg, U.S. Atty., Newark, NJ, Richard L. Gilman, Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

POLITAN, District Judge.
*1 This matter comes before the Court on the motion of defendant United States of America, on behalf of the Internal Revenue Service ("IRS"), to dismiss plaintiffs' Complaint as against the IRS pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m). For the reasons expressed herein, defendant's motion is hereby GRANTED.

The Court notes that this motion was originally returnable on May 23, 1994. Prior to the return date, the Court notified the parties that the motion would be decided pursuant to Rule 78 of the Federal Rules of Civil Procedure. In a Letter Opinion dated June 13, 1994, the Court indicated that the Certificate of Service attached to defendant's Notice of Motion revealed that the motion papers were forwarded to an incorrect address. Thus, the Court Ordered defendant to re-serve the motion papers on plaintiff at the proper address. *See* Letter Order dated June 13, 1994.
By letter dated June 20, 1994, defendant forwarded the motion papers to plaintiffs at the correct address. [FN1] Pursuant to this Court's June 13,

1994 Letter Order, plaintiffs were provided until July 8, 1994 to submit opposition papers to the Court. The Court's prior Letter Order further informed the parties that any reply papers would be due by July 15, 1994 and that thereafter, the Court would decide the matter without oral argument. As of the present date, July 20, 1994, no further submissions have been received by the Court from any of the parties. Accordingly, the Court will treat defendant's motion as unopposed.

*Pro se* plaintiffs filed the instant Complaint on December 2, 1993. Therein plaintiffs alleged, *inter alia,* that defendant Internal Revenue Service illegally taxed plaintiff Edward Fernandez's wages and denied him his rights under the tax laws. *See* Plaintiff's Complaint. Plaintiffs also named as defendant National Freight Inc. asserting similar allegations. National Freight, Inc. is not a party to the instant motion.

Plaintiffs' Certificate of Service filed on March 16, 1994 indicates that plaintiff served a Summons on defendants Internal Revenue Service and National Freight, Inc. The Certificate of Service does not indicate if a copy of the Complaint was also served with the Summons. Furthermore, there is no proof in the file that plaintiffs served a copy of the Summons and Complaint on the United States attorney or his representative as required by Fed.R.Civ.P. 4(i)(1)(A) and (i)(2). Nor is there any proof that a copy of the Summons and Complaint was served on the Attorney General of the United States at Washington, D.C. as required by Fed.R.Civ.P. 4(i)(1)(B) and (i)(2) [FN2].

Fed.R.Civ.P. 4(m) requires a plaintiff to serve the summons and complaint upon named defendants within 120 days after the filing of the complaint. Failure to comply with the 120 day service requirement results in the dismissal of the Complaint without prejudice. Rule 4(m) further provides that if the plaintiff shows good cause for failure to satisfy the 120 day requirement "the court

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                         Page 2
Not Reported in F.Supp., 1994 WL 591556 (D.N.J.), 74 A.F.T.R.2d 94-5641
**(Cite as: Not Reported in F.Supp.)**

shall extend the time for service for an appropriate period."

*2 In response to the instant motion plaintiffs have not offered any proof of service on the United States attorney or the Attorney General. Furthermore, plaintiffs have not offered any explanation for their failure to satisfy the service requirements. In fact, plaintiffs have submitted no opposition to the instant motion.

Accordingly, because plaintiffs have failed to satisfy the service requirements of Rule 4(i)(1) and (2) and because more than 120 days have passed since the filing of the Complaint, defendant IRS's motion to dismiss is GRANTED.

An appropriate form of Order accompanies this Opinion.

> FN1. A courtesy copy of the transmittal letter and supporting documentation was received by the Court on June 24, 1994.
>
> FN2. Rule 4(i)(1) applies to service upon the United States. Rule 4(i)(2) applies to service upon an officer, agency or corporation of the United States. Rule 4(i)(2) requires a plaintiff who brings an action against an agency of the United States to satisfy the service requirements of 4(i)(1) in addition to serving the agency itself.

D.N.J.,1994.
Fernandez v. U.S., I.R.S.
Not Reported in F.Supp., 1994 WL 591556 (D.N.J.), 74 A.F.T.R.2d 94-5641

Briefs and Other Related Documents (Back to top)

• 2:93CV05378 (Docket) (Dec. 02, 1993)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.